**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEON BELAUSTEGUI,

Plaintiff-Appellant,

v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION; PACIFIC
MARITIME ASSOCIATION,

Defendants-Appellees.

No.   23-55094

D.C. No.
2:19-cv-09955-FLA-AFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted September 10, 2024
Pasadena, California

Before:  R. NELSON, MILLER, and DESAI, Circuit Judges.

Plaintiff Leon Belaustegui ("Belaustegui") appeals the district court's grant of

summary judgment for Pacific Maritime Association and International Longshore

and Warehouse Union (collectively, "ILWU") on his claim under the Uniformed

Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 4301, *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment ruling de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). "We may affirm a grant of summary judgment on any ground supported by the record," including an alternative ground relied on by the district court. *See United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004). We affirm.

1.      Under 38 U.S.C. § 4312(a)(2), a servicemember is entitled to reemployment rights and benefits if "the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years." It is undisputed that Belaustegui spent nine years and one month on continuous active service with the Air Force. Belaustegui contends that under § 4312(c)(4)(B), part of his service is exempt from USERRA's five-year limit. Section 4312(c)(4)(B) provides an exception to the five-year limit for those servicemembers "ordered to or retained on active duty (other than for training) under any provision of law because of a war or national emergency declared by the President or the Congress, as determined by the Secretary concerned."

ILWU moved for summary judgment, arguing there is no triable issue of fact regarding Belaustegui's eligibility for an exemption under § 4312(c)(4)(B). The district court granted judgment in ILWU's favor on two alternative grounds. First,

the district court held that the Department of Labor regulations implementing § 4312(f) require documentation of an exemption under § 4312(c)(4)(B) and, because Belaustegui failed to provide documentation, his claim fails as a matter of law. Second, the district court held that, even if Belaustegui was not required to provide documentation, he failed to demonstrate a genuine dispute of material fact regarding his eligibility for an exemption under § 4312(c)(4)(B).

We affirm the district court's grant of summary judgment in ILWU's favor on the second ground only. Belaustegui has presented no admissible evidence that his order to reenlist was "because of a war or national emergency," and thus he fails to raise a genuine issue of material fact as to his eligibility for an exemption under 38 U.S.C. § 4312(c)(4)(B). *See United States ex rel. Ali*, 355 F.3d at 1144.

Belaustegui claims that he is eligible for an exemption because, in 2007, his commanding officer orally ordered him to reenlist to serve in the Global War on Terrorism. Belaustegui submits his own deposition testimony to support this claim yet does not identify the commanding officer, the officer's rank, or any other details about this oral order to reenlist.

At summary judgment, a court "may only consider admissible evidence" when determining whether there is a genuine issue of material fact. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 998 (9th Cir. 2019); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out

3

facts that would be admissible in evidence . . . .").

Here, even assuming that Belaustegui's commanding officer orally directed him to reenlist for the Global War on Terrorism and told him his reenlistment was required for the war, the alleged statement is inadmissible hearsay. It is an out-of-court statement offered for its truth: that Belaustegui was involuntarily ordered to reenlist to serve because of the Global War on Terrorism. To be sure, "[i]f the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. County of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). But here, making the relevant statements admissible would require Belaustegui's commanding officer to testify. And Belaustegui cannot identify the commanding officer, let alone present testimony from the commanding officer, so the relevant contents of Belaustegui's deposition and interrogatory responses cannot be presented in an admissible form at trial.

Without admissible evidence supporting his claim, no reasonable fact finder could find Belaustegui eligible for USERRA coverage under § 4312, and so his claim cannot survive summary judgment.

2.      Belaustegui's claim that he is entitled to USERRA benefits for his National Guard service also fails. USERRA's five-year service limit under § 4312(a)

is a "cumulative" ceiling calculated per employer. Nothing in the statute suggests that the limit is calculated separately based on a servicemember's active duty with different uniformed services. Because Belaustegui's cumulative service exceeds five years, and because he seeks the benefits for his National Guard service from the same employer as his earlier active-duty service, summary judgment for ILWU is proper.[1]

**AFFIRMED.**

---

[1] ILWU's motion for judicial notice, Dkt. 20, is denied as moot.